## Village of Bolton, Appellant, v. Oliver Lewis, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon.
W. W. CLEMENS, Judge, presiding. Heard in this court at the
October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Suit brought by the Village of Bolton against Oliver
Lewis for violating an ordinance of that village by
selling intoxicating liquors. A trial resulted in a ver-
dict finding defendant not guilty, and the plaintiff
appeals.

The evidence showed that the defendant had been
engaged in the drug business in Bolton about fifteen
years; that defendant had within eighteen months
prior to the filing of the complaint sold to the public
generally, without prescription, in one and three ounce
bottles, tincture of ginger, composed of from ninety
to ninety-five per cent alcohol and the balance ginger,
which in its pure state was intoxicating, and that when
it was diluted in water if taken in sufficient quantities
it was intoxicating; that tincture of ginger is a medi-
cine recognized in the United States dispensatory; that
some persons who purchased it from the appellee used
it medicinally and others as a beverage; that defend-
ant had limited its sale to certain persons to a three
ounce bottle per day, and that defendant had heard it
rumored that certain persons were using it to excess as
a beverage.

DENISON & SPILLER, for appellant; JACOB HAYES of
counsel.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the
court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 130*—*burden of showing sales of tincture of ginger not medicinal.* The burden is on the prosecution, in an action for violating an ordinance by selling as a beverage tincture of ginger, to prove by the clear weight of the evidence that sales were made by the defendant or his agents under such circumstances which the former, if acting in good faith, was bound to know that the purchasers intended to use such tincture as a beverage and not medicinally.

2. INTOXICATING LIQUORS, § 147*—*sufficiency of evidence to show sale of tincture of ginger as beverage.* Evidence that the defendant was told five or six years prior to a prosecution for selling tincture of ginger as a beverage, that three persons were using it to excess, and that he had heard rumors to the same effect as to others, and that thereafter he refused to sell to them, does not prove knowledge that other purchasers bought it for unlawful purposes.

3. INTOXICATING LIQUORS, § 134*—*admissibility of evidence that purchasers were using tincture of ginger as beverage.* In a prosecution for violating an ordinance by selling tincture of ginger as a beverage, evidence that five or six years before the seller was informed that three persons were using it to excess, and that he heard a rumor to the same effect regarding others, may be considered by the jury in connection with all of the other evidence, in determining whether the defendant made sales in good faith for medicinal purposes only.

4. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence sustained.* Where there is a conflict in the evidence, a verdict will not be disturbed on appeal, although apparently against the weight of the testimony, if the facts and circumstances by reasonable intendment sustain the verdict.

5. INTOXICATING LIQUORS, § 147*—*sufficiency of evidence to sustain verdict for defendant for selling tincture of ginger as beverage.* The evidence held sufficient to sustain a verdict for the defendant in a prosecution for selling tincture of ginger as a beverage in violation of an ordinance.

6. INTOXICATING LIQUORS, § 131a*—*evidence to prove sales of tincture of ginger to drunkard.* Evidence that a person for whom tincture of ginger was purchased was a drunkard, is not admissible in a prosecution for selling such compound for use as a beverage in violation of an ordinance, where it does not appear that the seller knew for whom it was intended.

7. APPEAL AND ERROR, § 1507*—*when repetition of objectionable questions not reversible error.* A judgment will not be reversed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

because of the conduct of counsel in following a line of examina-tion after objections have been sustained thereto, where the court is not of opinion that the verdict was affected by such improper conduct.